UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                        Criminal Case No. 20-20341

Dwight Perry,                               Sean F. Cox
                                                          United States District Court Judge

    Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION

Defendant Dwight Perry ("Defendant") is charged with being a felon in possession of a firearm. Pretrial Services recommended detention and, after holding a detention hearing, the magistrate judge ordered Defendant detained pending trial. Defendant is now appealing that ruling and seeks release on bond. A hearing was held on November 2, 2020. For the reasons set forth below, the Court denies the motion.

### BACKGROUND

In this criminal action, Defendant was charged with one count of being a felon in possession of a firearm by way of a Criminal Complaint issued on July 2, 2020.

Pretrial Services recommended that Defendant be detained pending trial, concluding that Defendant is both a flight risk and a danger to the community.

Magistrate Judge Anthony Patti held a detention hearing on July 16, 2020. Thereafter, he issued an Order of Detention Pending Trial, finding that there are no conditions or combination of conditions that would ensure the safety of the community or Defendant's

appearance. He noted that the reasons for detention include: 1) the weight of evidence against the defendant is strong; 2) Defendant is subject to a lengthy period of incarceration if convicted; 3) Defendant's prior criminal history; 4) Defendant's participation in criminal activity while on probation, parole, or supervision; 5) his history of violence or use of weapons; 6) his history of alcohol or substance abuse; 7) his prior failure to appear in court as ordered; and 8) his prior violations of probation, parole, or supervised release. His order further included a narrative explanation:

> The Court's findings and reasons for ordering detention, including its consideration of the factors listed in 42 U.S.C. § 3142(g), were stated on the record at the July 16, 2020 hearing and are fully incorporated by this reference. The Court alternatively finds: (a) by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance; and (b) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community. This evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that: (1) the defendant has a significant drug problem, using marijuana, Xanax, ecstasy, cocaine and Percocet; (2) the defendant has numerous prior convictions going back to 2002 including, inter alia, convictions for resisting and obstructing, assault and battery, weapons firearm, possession of controlled substances, delivery/manufacture of controlled substances (attempt), felony robbery, and delivery/manufacture of controlled substances; (3) the defendant has several

violations of past probation, and was on probation at the time of the instant offense; (4) in the past, the defendant has absconded from probation, failed to report his current residence while under supervision, failed to appear for a hearing and twice failed to appear for sentencing; and, (5) while on bond and prohibited by virtue of his prior convictions, FaceTime evidence (shown on page 6 of the complaint) shows the defendant brazenly holding in RAS 47 firearm up in the air in a car, which was found to be loaded with 30 rounds of ammunition. The Court is convinced that the defendant is both a danger to the community and a serious flight risk and that he does not and will not respect court orders and conditions of supervision.

On October 8, 2020, Defendant filed a motion appealing the magistrate judge's ruling and seeking release on bond. Defendant asserts that he should be released on bond pending trial and allowed to reside at his grandmother's house. The motion asserts that Defendant would have greater access to his counsel if he were released on bond, as in-person visits to the jail are currently very limited. Defendant claims he satisfies the Bail Reform Act requirements by his lack of any significant violent prior record, along with the conditions of an electronic tether and a reasonable curfew.

The Government opposes Defendant's motion, persuasively arguing that Defendant is both a flight risk and a danger to the community. The Government's brief discusses the evidence of the events surrounding charges in this case, which involved Defendant brandishing an assault style rifle inside a vehicle on Facebook Live, as well as Defendant's extensive criminal history and probation violations. The Government argues Defendant has several juvenile convictions

3

including a 2005 weapons offense, a 2015 delivery and manufacture of controlled substances conviction, and two other 2016 controlled substance offenses, as well as other misdemeanor and possession of controlled substance offenses. The Government stresses that Defendant has had numerous probation violations and committed the instant offense while on probation. It also argues that Defendant has absconded from probation, failed to report his current residence while under supervision, failed to appear for a hearing, and twice failed to appear for sentencing, most recently in 2017. Finally, the Government argues that due to Defendant's significant drug problem, he is a flight risk and danger to the community.

## ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance and the safety of the community, the Court considers the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence

against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

**1. Factors to Be Considered Under 18 U.S.C. §3142(g)**

In determining whether there are conditions of release that will reasonably assure the Defendant's appearance of the person as required and the safety of any other person and the community, the Court shall consider the four factors set forth in 18 U.S.C. §3142(g).

**A.      Nature And Circumstances Of The Charge**

The offense charged in this case is serious. Defendant is charged with being a felon in possession of a firearm. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (noting that felon in possession is a serious offense.) Indeed, crimes involving firearms are a specific consideration under § 3142(g)(1). This factor weighs in favor of detention.

**B.      Defendant's History And Characteristics**

Defendant's history and characteristics demonstrate that he is a continuing danger to the community. Defendant is only 33 years old, yet has a lengthy criminal history. Defendant has been working for temporary agencies for the past eight years. Defendant indicated that he is currently placed at a factory, but his grandmother could not confirm that he was employed. He has a history of violating his probation and failing to appear for hearings and sentencings. Indeed, he is alleged to have committed the instant offense while he was on probation.

**C.      Weight Of The Evidence Against Defendant**

The weight of the evidence of Defendant's dangerousness is substantial. *Stone,* 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). Defendant's criminal conduct shows no signs of abating.

**D.      Nature And Seriousness Of Danger Posed By Defendant's Release**

Finally, Defendant's release would pose a serious danger to the community. Defendant is only 33 years old, yet has a lengthy criminal history. The nature of the instant offense, Defendant's prior arrests and convictions, his history of nonappearance and probation violations, and lack of a suitable third-party custodian weigh in favor of pretrial detention. Defendant has also shown little regard for the authority of courts or for law enforcement, giving the Court little reason to believe that his dangerous behavior would suddenly cease if released on bond.

**2. Release on Conditions**

If the Court were to release the Defendant on conditions, one of those conditions requires the Defendant to "remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court . . . ." 18 U.S.C. §3142(c)(B)(i). Defendant argues that he could live with his grandmother, but the Government persuasively argues that he has not provided the needed information as to the suitability of his grandmother, not even identifying her address, nor suggesting she is ready to act as a third party custodian or others.

## CONCLUSION

Weighing all of these factors, I conclude that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. Accordingly, IT IS

ORDERED that Defendant's motion is DENIED.

    IT IS SO ORDERED.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated:  November 3, 2020